

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2004

# Shramban v. Aetna Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Shramban v. Aetna Inc" (2004). *2004 Decisions.* Paper 143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**1NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2742

BRIGITTE SHRAMBAN,
                    Appellant

v.

AETNA;
JOSEPH KUSHNERICK

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 02-cv-00444
District Judge:  The Honorable J. Curtis Joyner

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2004

Before: ROTH, BARRY, and CHERTOFF, Circuit Judges

(Opinion Filed: November 8, 2004)

OPINION

BARRY, Circuit Judge

**I.**

Appellant Brigitte Shramban filed a complaint in the United States District Court

for the Eastern District of Pennsylvania against appellees Aetna, Inc. ("Aetna") and Joseph Kushnerick, alleging, as relevant here, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.* The District Court granted appellees' motion for summary judgment and Shramban appealed. We have jurisdiction under 28 U.S.C. § 1291, and will affirm.

We review the District Court's grant of summary judgment de novo. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 727 (3d Cir. 1997). Summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only if the record contains insufficient evidence to allow a reasonable jury to find in favor of the non-moving party at trial will summary judgment be warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The reviewing court must consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his or her favor.

## II.

We will set forth only those facts necessary to our decision. Appellant is a blonde Caucasian woman originally from the former Soviet Republic of Moldavia. Since April 2000, she has been employed as a computer programmer for Aetna. In her deposition, appellant testified that her supervisor, Mr. Kushnerick,[1] repeatedly made offensive

---

[1] Appellees deny that Kushnerick was, in fact, appellant's "supervisor" for Title VII purposes.

comments towards her. Specifically, she testified that Kushnerick asked her if she "knew what people said about blondes"; that Kushnerick said "there is only one way to tell a natural blonde"; that Kushnerick twice made inappropriate contact with her hand while exchanging paperwork; and that Kushnerick made comments about her personal life, clothes, jewelry and appearance.[2] Appellant's App. at 158a, 426a-428a, 468a, 471a.

In April and June, 2001, appellant formally complained to higher management of Kushnerick's conduct and the over-time he was requiring her to work. In response, Aetna launched an investigation, and in July, 2001, transferred her to another position within the company at a different facility. Although the parties agree that the transfer did not result in any loss of pay or any reduced job code, appellant claims that the transfer was a demotion because the new project was a "step backwards" in her career. The parties also agree that appellant did not suffer any harassment after her reassignment.

## III.

In order to successfully bring an action under Title VII for a hostile work environment, appellant was required to prove the following: (1) she suffered intentional discrimination because of her gender; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the

---

[2]Appellant also testified that Kushnerick made derogatory comments concerning her national origin. Although she initially complained of retaliation and of discrimination on the basis of race, gender, religion and national origin, she has confined her appeal solely to discrimination based on gender. Therefore, we will analyze that claim only.

existence of respondeat superior liability. *Andrews v. Conn*, 895 F.2d 1469, 1482 (3d Cir. 1990) (citing *Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 619-20 (6th Cir. 1986), *cert. denied*, 481 U.S. 1041 (1987)).

The Supreme Court has made it quite clear that "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 126 L. Ed. 2d 295, 114 S.Ct. 367 (1993). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 141 L. Ed. 2d 662, 118 S.Ct. 2275, (1998). Viewing all the facts and the reasonable inferences therefrom in the light most favorable to appellant, we agree with the District Court that appellant failed to demonstrate that she suffered intentional discrimination within the meaning of Title VII. While Kushnerick's comments were certainly inappropriate if not boorish, they simply do not rise to a level sufficient to create a hostile work environment. Moreover, as the District Court also found, appellant failed to demonstrate either that Kushnerick's conduct was pervasive and regular or that it would detrimentally affect a reasonable person of the same sex in appellant's position, although that conduct detrimentally affected appellant herself.

Appellant's inability to prove the elements noted above dooms her hostile work

environment claim and, a <u>fortiori</u>, any claim of respondeat superior liability.  We will

affirm the order of the District Court granting appellees' motion for summary judgment.